IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Wilhelmina Washington,                )<br>                                                     )<br>        Plaintiff,                              )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>Alan Wilson, in his individual       )<br>capacity as Attorney General of the )<br>State of South Carolina, Wayne     )<br>Allen Myrick, Jr., in his individual  )<br>capacity as Senior Assistant Deputy )<br>Attorney General, Megan Wines    )<br>Burchstead, in her individual         )<br>capacity as Assistant Attorney       )<br>General, John E. Follin, III, in his   )<br>individual capacity as Special Agent )<br>with the South Carolina Law         )<br>Enforcement Division, the Office of )<br>the South Carolina Attorney General,)<br>and the South Carolina Law         )<br>Enforcement Division,                  )<br>                                                     )<br>        Defendants.                         )<br>_____)  | Civil Action No.: 4:14-cv-00416-RBH<br><br>**ORDER** |

This matter is before the Court after the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff Wilhelmina Washington brought this action for damages against numerous defendants alleging several claims pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 to 220 ("SCTCA"). Defendants Alan Wilson, Wayne Allen Myrick, Jr., Megan Burchstead, and the Office of the South Carolina Attorney General (collectively, "SCAG Defendants") filed a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 8. Plaintiff, moreover, filed a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

motion for leave to amend her complaint as to all Defendants, including the additional defendants, Defendants John E. Follin, III and the South Carolina Law Enforcement Division (collectively, "SLED Defendants"). ECF No. 10. The Magistrate Judge recommends that the Court grant the motion and dismiss the SCAG Defendants on the basis that they are absolutely immune from suit. As a result of this recommendation, the Magistrate Judge reports that Plaintiff's motion for leave to amend her complaint is moot and should, therefore, be dismissed. After a review of the Magistrate Judge's R&R in light of Plaintiff's objections, the Court adopts the recommendation in part and denies it in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her complaint in the Court of Common Pleas of Florence County, South Carolina, in January 2014. Defendants jointly removed the action to this Court on February 18, 2014. In her complaint, Plaintiff alleges fourteen separate causes of action, arising under both federal constitutional law and South Carolina tort law. The motion to dismiss now before the Court concerns the several causes of action filed against the SCAG Defendants—eight claims in all. Plaintiff's four SCTCA claims include abuse of process, intentional infliction of emotional distress, civil conspiracy, and gross negligence/negligent supervision. Her four § 1983 claims are grounded in the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States. Specifically, her constitutional claims allege misconduct of Defendant Burchstead relevant to two trials of Plaintiff's, both of which ended in a mistrial. The constitutional claims against the remaining SCAG Defendants—Defendants Myrick, Wilson, and the Attorney General's office itself—cite their failure to train and to supervise properly Defendant Burchstead in the performance of her prosecutorial duties as a result of prior allegations of prosecutorial misconduct.

The Magistrate Judge's recitation of the facts in her R&R is sufficient; however, for the purpose of this order, some facts are helpful. Plaintiff, who was clerk for the Town of Timmonsville municipal court, was accused by the State of South Carolina of forging the signature of a municipal judge on several occasions, and the matter was prosecuted by the Office of the South Carolina Attorney General ("Office"), specifically Defendant Burchstead.[2] The gravamen of Plaintiff's complaint is alleged misconduct during a retrial of Plaintiff after a hung jury led to a mistrial of the first trial. Specifically, Plaintiff avers several instances of misconduct manifesting itself with the indictment of two additional counts resulting from what Defendant Burchstead claimed to be new evidence. Plaintiff, however, disputed the existence of new evidence, characterized the prosecution as vindictive, and ultimately prevailed in an effort to quash the two additional charges. The retrial also led to a hung jury and mistrial, after which the prosecution was abandoned. Plaintiff now claims in this action that Defendant Burchstead and her supervisors (Defendants Wilson and Myrick) used the prosecution as a means to coerce her to cooperate in a larger investigation by the SLED Defendants. She alleges that the second trial was a retaliation by Defendant Burchstead for Plaintiff's asserting her right to a first trial and for attacking the thoroughness of the investigation. And she supports those allegations with several statements attributed to Defendant Burchstead, an allegation that the evidence to support the additional charges was available prior to the original indictment, an allegation that a new investigation only commenced when Plaintiff accused the prosecution of vindictiveness, and a previous lawsuit against Defendant Wilson and the Office alleging a vindictive prosecution.

The SCAG Defendants argued, in large part, in their motion to dismiss that all of the claims against them accuse them of misconduct in the *prosecution* of the case—their role as advocates.

---

[2] While Defendant Burchstead conducted the lion's share of the prosecution, Plaintiff alleges that Defendant Myrick, at one time, made an appearance at a hearing on a motion.

For that reason, they argue that all of Plaintiff's claims against them individually should be dismissed because they are entitled to absolute immunity. Plaintiff responded to their argument, characterizing the prosecution as an "admitted" investigative tactic. Plaintiff, moreover, argued that her claims were adequately pled under federal pleading standards. Plaintiff, regardless, moved to amend her complaint to clarify her claims, specifically her civil conspiracy claim. The Magistrate Judge subsequently issued her R&R, reporting that the SCAG Defendants conduct was prosecutorial and required the application of absolute immunity. She recommended granting the motion and dismissing the eight claims applicable to the SCAG Defendants. Furthermore, the Magistrate Judge reported that Plaintiff's motion for leave to amend her complaint was moot. Plaintiff filed timely objections to the Magistrate Judge's R&R, and the SCAG Defendants submitted a reply. The motions and the recommendation are now before this Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting the SCAG Defendants' motion to dismiss. Specifically, the Magistrate Judge reports that the SCAG Defendants are each absolutely immune from the § 1983 and the SCTCA claims alleged against them. Moreover, because of her recommendation, the Magistrate Judge recommends that the Court deny Plaintiff's motion for leave to amend her complaint on the basis that it is moot. In her objections, Plaintiff argues that the Magistrate Judge erred in finding that Defendants Wilson, Myrick, and the Office are entitled to absolute immunity.[3] Plaintiff also argues that, in light of the erroneous recommendation, it is premature for the Magistrate Judge to report that the determination of whether Defendants were in fact acting in a prosecutorial or administrative capacity is not for the jury to decide. Plaintiff's objections, therefore, turn largely on whether Defendants Wilson and Myrick[4] are absolutely

---

[3] Notably, Plaintiff does not specifically object to the report of the Magistrate Judge regarding Defendant Burchstead—that absolute immunity is applicable to her conduct prosecuting Plaintiff. In fact, Plaintiff, in her objections, implies that *Burchstead's* alleged misconduct is prosecutorial in nature and would be absolutely immune under *Imbler v. Pachtman*, 424 U.S. 409 (1976). That is, Plaintiff recognizes her failure to train or to supervise claims against Defendants Wilson and Myrick would likely fail under *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009), *but for* an allegation of similar prosecutorial misconduct raised in a previous civil action not involving Plaintiff. Pl.'s Objs. 5, ECF No. 37. The Court shall explain the holding in *Van de Kamp* below.

[4] The SCTCA claims involving the SCAG Defendants are all alleged against the Office in light of S.C. Code Ann. § 15-78-70, which immunizes individual state officials acting within the scope of their official duties. Along those lines, Plaintiff claims that the Office is vicariously liable for the acts of Defendants Burchstead, Wilson, and Myrick. Additionally, Plaintiff asserts a § 1983 claim against the Office (Plaintiff's Thirteenth Cause of Action). Although not addressed by the Magistrate Judge in her R&R, this Court notes that the Office, an arm of the State of South

immune from the supervisory liability claims. Furthermore, Plaintiff argues that her motion for leave to amend her complaint is not moot because, regardless of the dismissal of the SCAG Defendants, the SLED Defendants remain.

I.     **The SCAG Defendants' Motion to Dismiss**

The Magistrate Judge's recommendation that the SCAG Defendants must be dismissed is based on the doctrine of absolute immunity. Her recommendation specific to the conduct of Defendants Wilson and Myrick relies on the United States Supreme Court's decision in *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). That case specifically touches on Plaintiff's supervisory claims alleged against Defendants Wilson and Myrick in their individual capacities as Defendant Burchstead's supervisors (and Defendant Wilson as Defendant Myrick's). The Magistrate Judge reports that *Van de Kamp* contemplates the precise facts alleged here, where a Plaintiff attempts to attribute a prosecutor's misconduct to a failure in training or in supervision by supervisors on the basis that training and supervision are administrative in nature and fall outside of the sphere of the prosecutorial conduct protected by absolute immunity. In her objections, Plaintiff acknowledges that *Van de Kamp* is a clear obstacle to "end-run[s] around the absolute immunity of the actual prosecutor in a case by asserting a general failure to supervise/trial claim against that individual prosecutor's supervisors for the conduct of a particular trial." Pl.'s Objs. 4, ECF No. 37. Plaintiff, however, uses her objections to distinguish the facts of *Van de Kamp* from the facts alleged here.

The difference here, Plaintiff contends, is that she has alleged that Defendant Burchstead (and, perhaps, other prosecutors in the Office) had previously been accused of similar prosecutorial

---

Carolina, is immune from a § 1983 claim for damages pursuant to the Eleventh Amendment of the United States Constitution. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); Order, *Field v. McMaster*, No. 6:09-cv-01949-HMH, 2010 WL 1076060, at *1 (D.S.C. March 18, 2010) (noting that the Office of the Attorney General of South Carolina is immune from suit for damages). Plaintiff's § 1983 claim against the Office must, therefore, be dismissed, and the Court need not discuss the Office's damages liability under § 1983 further.

misconduct (specifically, vindictive prosecution). Plaintiff points to her allegations that Defendants Wilson and Myrick, as a result of a previous civil action ("*Odom*") allegedly involving Defendant Burchstead and the Office, "had knowledge of prior misconduct, failed to discipline that misconduct, tacitly authorized such misconduct and created a custom of such misconduct." Pl.'s Objs. 4. Plaintiff argues that the distinction that she makes shows a sufficient contrast between the facts in *Van de Kamp* and the facts alleged here, where Defendants Myrick's and Wilson's failure "to address the conduct from *Odom* after it came to light is purely administrative and is not directly connected with any trial advocacy function in [Plaintiff's] case." *Id.* at 5. Specifically, Plaintiff claims that her injuries were really the result of the prosecution errors in *other trials*, not just those in hers, which *Van de Kamp* recognizes as the key to immunity. *Id.* The Court, however, is not persuaded by this reading of *Van de Kamp*.

The Magistrate Judge correctly applied *Van de Kamp* to the facts alleged by Plaintiff. Plaintiff's standing to assert her claims against the SCAG Defendants rests fundamentally on the injuries she alleges that she received in the midst of the prosecution of *her* trial. For that reason, the Court finds that there is no meaningful distinction[5] between *Van de Kamp* and this action and that the reasoning by the Supreme Court must be followed here. Indeed, the threat of damages liability

---

[5] Interestingly, there is no discussion by Plaintiff about whether *Odom*'s alleged vindictive prosecution claim had any merit in the first place. While she alleges the South Carolina Supreme Court granted a writ of certiorari, the court ultimately affirmed the lower court's dismissal of the action. *Odom v. Wilson*, No. 2013-MO-022, 2013 WL 8596566 (S.C. July 17, 2013). The result of *Odom* and Plaintiff's reliance on the case, of course, begs the following question: how would an action in which a criminal defendant failed to obtain a favorable outcome against a prosecutor for alleged misconduct enable other criminal defendants, downstream, to bring failure to train or to supervise claims against individual supervisors in light of *Van de Kamp*? Should a plaintiff simply be able to *allege* a previous civil action against a prosecutor to bypass a motion to dismiss on the basis of absolute immunity? This Court is very aware of the multitude of complaints lodged against prosecutors by criminal defendants for misconduct. Certainly, to allow an action such as this to go forward merely on an allegation of a previous complaint against that prosecutor would eviscerate *Van de Kamp*.

throughout a prosecutorial office for an error during trial would lead a trial prosecutor and other office prosecutors to take account of such a risk when making trial-related decisions. *Van de Kamp*, 555 U.S. at 346–47. As the Supreme Court reasoned, it was the purpose of absolute immunity to prevent this type of decisionmaking in the first place, as well as to prevent criminal defendants from claiming damages for injuries that are trial-related. *Id.* at 347 (*citing Imbler v. Pachtman*, 424 U.S. 409, 424 (1976)). Permitting Plaintiff to bring this action would create a "practical anomaly" no different than the scenario discussed in *Van de Kamp*, where a prosecutor would be immune yet her supervisor would not. *Id.* Lawsuits of this kind would require prosecutors to defend their difficult and most-times-honest decisions—many against the backdrop of complex constitutional law—years after they were made. *Id.* Thus, despite her acknowledgement of the "end-run" addressed in *Van de Kamp*, Plaintiff's seeks to make it; her claims against Defendants Wilson and Myrick alleging failures in training and in supervision, at their core, seek redress for alleged prosecutorial errors committed during her trial.[6]

Of course, *Van de Kamp* applied specifically to immunity in § 1983 constitutional claims against supervisors individually. Plaintiff also objects that the Magistrate Judge erred in applying the holding of *Van de Kamp* to her SCTCA claims. Indeed, the Magistrate Judge cited to South

---

[6] It must be noted that Plaintiff, in her objections, cites the opinion in *Connick v. Thompson*, 131 S. Ct. 1350 (2011), which unquestionably assumes that there are situations in which a § 1983 claim alleging prosecutorial misconduct may be brought. *Connick* involved a *Monnell (v. New York City Department of Social Services*, 436 U.S. 658 (1978)) claim against the defendants acting in their *official capacities* as prosecutors in the Orleans Parish District Attorney's Office in Louisiana (a municipal agency), and the plaintiff there alleged that a deficient training policy led to violations of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). The Orleans Parish District Attorney's Office was not, however, protected by Eleventh Amendment immunity. As this Court noted in footnote 4, however, Plaintiff's complaint here concerns a state agency protected by the Eleventh Amendment. *Connick* is, therefore, not helpful to the Court's analysis of absolute immunity for supervisory liability. *Van de Kamp* is controlling because Plaintiff's claims against Defendants Wilson and Myrick were brought against them for their individual conduct.

Carolina caselaw that applied *Imbler*'s concept of prosecutorial immunity to tort claims against prosecutors who acted in their individual capacities. *See Williams v. Condon*, 555 S.E.2d 496, 506–09 (S.C. Ct. App. 2001).[7]  Accordingly, the Magistrate Judge properly applied South Carolina law to her recommendation that Plaintiff's SCTCA claims must be dismissed.  The Court finds no basis to hold that *Van de Kamp* would not apply to Plaintiff's SCTCA claims for the very reasons given by the Supreme Court in *Van de Kamp* and the South Carolina Court of Appeals in *Williams*.  *Van de Kamp*, again, is an extension of the holding in *Imbler*, assuring that it would not be eviscerated simply by general failure to train or to supervise claims. *Van de Kamp*, 555 U.S. at 347.  Accordingly, Plaintiff's objections to the Magistrate Judge's recommendation to dismiss the SCAG Defendants' motion to dismiss are overruled.[8]

## II.     Plaintiff's Motion to Amend

The Magistrate Judge recommends denying Plaintiff's motion for leave to amend her complaint as moot in light of the dismissal of the SCAG Defendants.  Plaintiff objects to this recommendation, arguing that, even if the SCAG Defendants are dismissed, her claims against the SLED Defendants remain.  Plaintiff moved for leave, in part, to address her civil conspiracy claims.  Moreover, Plaintiff contends that "South Carolina law recognizes that a civil conspiracy cause of action may be maintained against only one conspirator." Pl.'s Objs. 12 (citing *Exchange Bank of*

---

[7] *Williams* was equally clear that, under the SCTCA, state agencies were not liable for money damages for a loss occurring as a result of a prosecutor performing her typical duties. *Williams*, 553 S.E.2d at 508.

[8] Plaintiff, finally, contends at several points in her objections that there are genuine issues of fact regarding whether Defendants Wilson's and Myrick's supervisory conduct was administrative or prosecutorial in nature. Pl.'s Objs. 6, 9–10. Plaintiff notes, "[a]t a minimum, it is a question for the jury to decide." *Id.* at 6. The Court's ruling, however, disposes of this objection in light of its interpretation of *Van de Kamp*.  Indeed, the damages liability of all of the SCAG Defendants turns on Plaintiff's allegations of Defendant Burchstead's conduct, which, for the reasons noted by the Magistrate Judge in her R&R, was prosecutorial under *Imbler*.

9

*Meggett v. Bennett*, 8 S.E.2d 515 (S.C. 1940)). She explains that the alleged civil conspiracy would remain actionable against the SLED conspirators even though the SCAG conspirators may be immune from suit. After a review of Plaintiff's proposed amended complaint, the Court takes note of the several claims remaining against the SLED Defendants, who neither joined in the SCAG motion to dismiss nor opposed Plaintiff's motion for leave to amend her complaint. The Court, therefore, finds that leave for Plaintiff to amend her complaint is appropriate; however, only for Plaintiff to amend her claims against the SLED Defendants. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). But as a result of this order and the Magistrate Judge's R&R, the portions of Plaintiff's proposed amended complaint relating to the SCAG Defendants are moot.

## Conclusion

The Court has thoroughly reviewed the record, including Plaintiff's complaint, the motions, the R&R, the objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections, except to the extent the Court sustains the objections. Accordingly, the Court adopts the R&R of the Magistrate Judge in part and rejects it in part.

**IT IS THEREFORE ORDERED** that Defendants Alan Wilson, Wayne Allen Myrick, Jr., Megan Burchstead, and the Office of the South Carolina Attorney General's motion to dismiss (ECF No. 8) is **GRANTED** and that Plaintiff's claims against those defendants are hereby **DISMISSED** *with prejudice*. Plaintiff's motion for leave to amend her complaint (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall have leave to file her amended complaint against Defendants John E. Follin, III and the South Carolina Law Enforcement Division within **FIFTEEN** days.

**IT IS SO ORDERED.**

                                                       s/ R. Bryan Harwell
                                                       R. Bryan Harwell
                                                       United States District Judge

September 24, 2014
Florence, South Carolina