UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wilhelmina Washington, | ) | Civil Action No.: 4:14-cv-416-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alan Wilson, in his individual capacity as | ) | |
| Attorney General of the State of South | ) | |
| Carolina, Wayne Allen Myrick, Jr., in his | ) | |
| individual capacity as Senior Assistant | ) | |
| Deputy Attorney General, Megan Wines | ) | |
| Burchstead, in her individual capacity as | ) | |
| Assistant Attorney General, Jon E. Follin, | ) | |
| III, in his individual capacity as Special | ) | |
| Agent with the South Carolina Law | ) | |
| Enforcement Division, the Office of the | ) | |
| South Carolina Attorney General, and the | ) | |
| South Carolina Law Enforcement Division, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's [Docket Entry #49] motion for reconsideration and/or to amend order to certify for appeal pursuant to 28 U.S.C. § 1292 and to stay proceedings pending appeal. In her motion, Plaintiff argues the Court should reconsider its order dismissing Defendants Office of the South Carolina Attorney General, Alan Wilson, Wayne Allen Myrick, Jr., and Megan Burchstead[1] (collectively, the "SCAG Defendants") on the basis of prosecutorial

---

[1] Plaintiff did not object to the portion of the Report and Recommendation recommending dismissal of Burchstead on the basis of prosecutorial immunity. Similarly, Plaintiff appears to focus her motion for reconsideration entirely on the portion of the Court's Order that applies prosecutorial immunity to the supervisory SCAG Defendants and not Burchstead individually. Plaintiff has waived further review by the district court by failing to object to the finding that Burchstead's alleged misconduct was prosecutorial in nature and that she was entitled to prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409 (1976). *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (holding that the failure to file specific objections to a Report and Recommendation constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge).

immunity. Plaintiff alternatively requests that the Court amend its previous decision and make the requisite findings that would qualify the Order to be appealed pursuant to 28 U.S.C. § 1292 and stay the proceedings pending an interlocutory appeal. The Court has reviewed the submissions of the parties and, for the following reasons, denies Plaintiff's motion.

Motions under Rule 59 of the Federal Rules of Civil Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citations and internal quotation marks omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citations and internal quotation marks omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

Plaintiff first argues that the Court misconstrued her allegations regarding the conduct of the SCAG Defendants. As a result, Plaintiff contends, the Court "fail[ed] to conduct the proper functional analysis required by *Imbler* and *Buckley*." [Plaintiff's motion to reconsider, Docket Entry #49, pg. 4]. Plaintiff argues that the relevant question in determining whether supervisory prosecutors can enjoy absolute immunity is whether the complained of conduct is conduct as an advocate or conduct as a supervisor. *Id*. She emphasizes that the conduct complained of was

"purely administrative as it took place outside of the prosecution of any particular trial." *Id.* Plaintiff claims that the Court erred in focusing on *when* the conduct occurred and not the nature of the "function causing the harm." *Id.* at 5. In support of her argument, she quotes language from *Buckley* noting that prosecutorial immunity requires a court to assess the nature of the conduct and not on the harm caused. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271–72 (1993). Plaintiff additionally relies on the district court disposition of *Connick v. Thompson*, No. 03-2045, 2005 WL 3541035, (E.D. La. November 15, 2005), in an attempt to distinguish her case from *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S.Ct. 855 (2009).

The Court finds that Plaintiff has not made an adequate showing that the Court committed clear error in dismissing the SCAG Defendants from this action on the basis of prosecutorial immunity. In dismissing the SCAG Defendants, the Court, as Plaintiff notes, relied heavily on the United States Supreme Court's holding in *Van de Kamp*. Indeed, the Court found there was no meaningful distinction between the facts alleged by Plaintiff in her complaint and the factual background in *Van de Kamp*. Plaintiff's argument now before the Court turns on her characterization of the SCAG Defendants' alleged failure to train and supervise Burchstead as "administrative." Regardless of how Plaintiff characterizes her claims, she nevertheless would not have standing to complain but for her alleged vindictive prosecution.

*Van de Kamp* is clear that prosecutorial immunity must equally attach to a trial prosecutor's supervisors when such conduct at trial is an element of the claim. *Van de Kamp*, 555 U.S. at 344 (finding absolute prosecutorial immunity applies and stating "[h]ere, unlike with other claims related to administrative decisions, an individual prosecutor's error in the plaintiff's specific criminal trial constitutes an essential element of plaintiff's claim"). Indeed, the only plausible

3

reading of Plaintiff's complaint is that the SCAG Defendants failed to adequately train and supervise Burchstead and that such failures ultimately led to Burchstead's alleged vindictive prosecution of Plaintiff.  Moreover, the type of training and supervision which Plaintiff alleges was insufficient in this case necessarily requires legal knowledge and the exercise of related discretion, *e.g.*, training lawyers when to retry a case that resulted in a mistrial or hung jury, training lawyers as to when to appropriately bring a superseding or additional indictment following a mistrial or hung jury. *See id*.  The complained of conduct, whether couched in terms of "administrative" duties or not, concerns trial issues that are "intimately associated with the judicial phase of the criminal process." *See id*. at 345.

Plaintiff cites the district court's ruling in the *Connick* case for support. 2005 WL 3541035.  Plaintiff calls a footnote of this Court's Order, which discounted *Connick*'s applicability to this action, into question.  Plaintiff is correct that the plaintiff there brought a claim of supervisory liability against a district attorney in his individual capacity.  Plaintiff, moreover, is correct that the district court rejected the district attorney's argument that prosecutorial immunity must attach to his supervisory conduct.  However, the district court's ruling, which was later reversed by the Supreme Court, *see Connick v. Thompson*, 131 S. Ct. 1350 (2011), is in direct conflict with the Supreme Court's holding in *Van de Kamp*, a decision that was issued by the Supreme Court four years after the district court opinion in *Connick*.  Plaintiff has failed to show the Court committed a clear error of law by finding that the SCAG Defendants, in their capacity as supervisors of Burchstead, were entitled to prosecutorial immunity under *Van de Kamp*.

Plaintiff also argues the Court misapplied the standard of review for a Rule 12(b)(6) motion.  As purported evidence of the Court's error, Plaintiff points to footnote 5 of the Court's Order, which

states:

> Interestingly, there is no discussion by Plaintiff about whether *Odom*'s alleged vindictive prosecution claim had any merit in the first place. While she alleges the South Carolina Supreme Court granted a writ of certiorari, the court ultimately affirmed the lower court's dismissal of the action. *Odom v. Wilson*, No. 2013-MO-022, 2013 WL 8596566 (S.C. July 17, 2013). The result of *Odom* and Plaintiff's reliance on the case, of course, begs the following question: how would an action in which a criminal defendant failed to obtain a favorable outcome against a prosecutor for alleged misconduct enable other criminal defendants, downstream, to bring failure to train or to supervise claims against individual supervisors in light of *Van de Kamp*? Should a plaintiff simply be able to *allege* a previous civil action against a prosecutor to bypass a motion to dismiss on the basis of absolute immunity? This Court is very aware of the multitude of complaints lodged against prosecutors by criminal defendants for misconduct. Certainly, to allow an action such as this to go forward merely on an allegation of a previous complaint against that prosecutor would eviscerate *Van de Kamp*.

[Order, Docket Entry #44, at pg. 7]. Plaintiff's argument misinterprets footnote 5, which was simply meant to imply that Plaintiff could not defeat prosecutorial immunity with a mere allegation of the existence of a previous complaint against Burchstead. Accordingly, Plaintiff has failed to show an adequate basis for relief under Rule 59.

Alternatively, Plaintiff asks the Court to amend its Order, pursuant to 28 U.S.C. § 1292, to make findings that would allow an interlocutory appeal on the issue of the SCAG Defendants' prosecutorial immunity. Before the court of appeals will grant an interlocutory appeal, 28 U.S.C. § 1292 requires the district court to state whether an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the district court so states, the court of appeals may permit an appeal if application is made within ten

days after the entry of the order. *Id*.  In light of the Court's opinion that *Van de Kamp* cannot be distinguished on the facts alleged by Plaintiff, the Court finds that Plaintiff has failed to show that there is substantial ground for a difference of opinion. Accordingly, the Court denies Plaintiff's request to amend its order to certify the question of prosecutorial immunity for interlocutory appeal to the Fourth Circuit.  As a result, a stay of the proceedings is not necessary.

For the reasons stated above, Plaintiff's [Docket Entry #49] motion to reconsider or, alternatively, to certify for interlocutory appeal and to stay is **DENIED**.

**IT IS SO ORDERED**.

November 10, 2014                                              s/ R. Bryan Harwell
                                                               R. Bryan Harwell
                                                               United States District Judge