IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wilhelmina Washington, ) | Case No. 4:14-cv-00416-RBH-KDW |
| ) | |
| Plaintiff. ) | |
| ) | |
| vs. ) | MOTION TO COMPEL |
| ) | |
| John E. Follin, III, in his individual capacity as ) | |
| Special Agent with the South Carolina ) | |
| Law Enforcement Division, and the ) | |
| South Carolina Law Enforcement Division, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Comes now the Plaintiff, Wilhelmina Washington, moving for an order compelling production by the South Carolina Attorney General pursuant to FRCP 45(d)(2)(B)(1). The grounds supporting this motion are as follows:

### Summary of the Case

Washington originally filed suit against the above-captioned defendants as well as against South Carolina Attorney General Alan Wilson, Deputy Attorney General Wayne Allen Myrick, Jr., Assistant Attorney General Megan Burchstead and the South Carolina Attorney General's Office (previously referred to as "SCAG Defendants").

The SCAG Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6), seeking absolute immunity from liability. Motion to Dismiss, ECF No. 8. Washington subsequently filed a Motion to Amend, ECF. No. 10.

1

On July 15, 2014, United States Magistrate Kaymani D. West issued a Report and Recommendation ("R&R") recommending granting the SCAG Defendant's motion and finding that such an action would render the Washington's motion moot. R&R, ECF No. 35.

The Court issued an order adopting the in part and denying in part the R&R. Order, ECF No. 44. The SCAG Defendants were granted absolute immunity and dismissed from the case, but Washington was allowed to amend her complaint against the remaining defendants. Washington subsequently filed a motion to reconsider and/or to alter or amend. Motion to Reconsider, ECF No. 49. The SCAG Defendants filed a Response to Washington's Motion to Reconsider. Response, ECF No. 53. The Court issued an order denying Washington's motion to reconsider and/or alter or amend. Order, ECF No. 59.

Washington filed her Amended Complaint against the remaining defendants. Amended Complaint, ECF No. 50. Defendants FOLLIN and SLED answered that complaint and discovery has begun. As part of that discovery, Washington served a subpoena *duces tecum* on Attorney General Alan Wilson and the Office of the Attorney General. See *Exhibit A*. Subsequent to the service of that subpoena *duces tecum*, Washington received correspondence from Deputy Solicitor General, J. Emory Smith, objecting to the subpoena. See *Exhibit B*. Washington's counsel and Mr. Smith held a telephone conference on December 10, 2014 in an effort to resolve the objections. That effort was unsuccessful.

### Legal Standards

Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted. Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th 2003). The scope of discovery for a nonparty litigant under a subpoena duces tecum is the same as the scope of a discovery request made upon a party to the action and a party is entitled to

2

information that is relevant to a claim or defense in the matter at issue.  <u>Smith v. United Salt Corp.</u>, 2009 U.S. Dist. LEXIS 82685 (W.D. Va. 2009).  It is well settled that that district courts are allowed broad discretion in resolving discovery disputes.  <u>Carefirst</u> at 402.

## **Argument**

Washington requested the following via the subpoena *duces tecum*:

1) Full and complete employee files of Megan Burchstead and Wayne Allen Myrick;

2) Full and complete copies of documented communications (written/electronic entry, phone log records, notes/message slips, etc.) that in any way referenced Washington, her criminal charges, the investigation and prosecution of those charges and her civil lawsuit (excluding any communication with counsel defending the civil suit). In requesting this information, as a courtesy designed to assist with gathering the requested information, Washington provided a list of seven (7) agents/employees the Attorney General's Office that she was aware of having been involved in her case;

3) Full and complete copy of any request/suggestion/instruction/orders given by agents/employees of the Attorney General's Office in regards to the investigation, charging and prosecuting of Washington, as well as her civil lawsuit (excluding any communications with counsel defending the civil suit).  Washington laid out in five (5) subparts the specific information she was requesting about the requested information;

4) Copy of any and all handbooks, policy and procedure manuals and/or personal manuals for Attorney General agents/employees dealing with the investigation and prosecution of criminal charges, interacting and working with other law enforcement agencies, and the ethics of investigating and prosecuting criminal charges;

5) Full and complete copy of any and all files/documents/digital records/electronic entries that pertain to or reference Washington, her criminal charges, any investigation of Washington, the prosecution of criminal charges against Washington and her civil suit (excluding any communications with counsel defending said suit).

The Attorneys' General Office filed written objections to Washington's subpoena. Those objections were as follows:

1) All Attorneys' General Office defendants have been dismissed as parties to this suit.

2) The subpoena seeks information that is irrelevant to the claims of plaintiffs against the remaining defendants.

3) The subpoena seeks intra-staff communications at the Attorney General's Office which do not include the remaining defendants.

4) The subpoena seeks personnel files for Allen Myrick and Megan Burchstead which are patently irrelevant to the claims against the remaining defendants. The disclosure of the entirety of the files would constitute unreasonable invasion of their personal privacy and parts of the files may be barred from disclosure by law including, but not limited to, the social security numbers of the employees.

5) Although communications with counsel in the instant proceeding are excluded, the subpoena seeks documents that may include items subject to attorney client or work product privileges of the Office of the Attorney General.

6) The breadth of discovery sought be the subpoena in this case is not permissible under the Federal Rules of Civil Procedure. *See*, Rule 26(b), FRCP.

7) The subpoena is extremely overbroad.

8) Any immunities or privileges applicable to documents sought are reserved.

Washington addresses the objections and relevance of the discovery sought below:

**I.     The fact that the Attorneys' General Office defendants have been dismissed from the case does not prohibit Washington from obtaining the requested discovery as the information is relevant and/or reasonably calculated to lead to the discovery of admissible evidence.**

The information sought is relevant information reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26(b) of the Federal Rules of Civil Procedure due to the allegations and causes of action in the pending case.  Washington has alleged a cause of action for conspiracy against Defendant SLED, alleging that through specific acts and omissions, SLED combined and joined with SLED agent John FOLLIN, the South Carolina Attorney General's Office, and individuals within the Attorney General's Office (Megan Burchstead, Wayne Allen Myrick, and Alan Wilson) for the purpose of injuring and causing special damages to Washington.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Washington has pled that the South Carolina Attorney General's Office and its agents/employees were involved in her case during the investigation phase, well before any indictments were issued and thereafter engaged in retaliatory and vindictive prosecution of Washington, in part, because Washington failed to assist the State in an ongoing investigation of "many matters in Timmonsville."  See paragraph 20 of Amended Complaint, ECF No. 50.  As alleged co-conspirators, their own acts and omissions giving rise to Washington's claims are relevant.  They have been granted immunity from civil liability for those acts and omissions, but not from having to produce discoverable information if that discovery is reasonably calculated to lead to the discovery of admissible evidence.

Setting aside the conspiracy cause of action, the Attorney General's Office and its employees are potential witnesses. The remaining causes of action allege abuse of process, violation of rights under §1983 and gross negligence arising from the investigation, arrest and prosecution of Washington. The Attorney General's Office and its employees were witnesses to the acts and omissions by Defendants SLED and FOLLIN. It is alleged that they were intimately involved with the investigation and prosecution. That involvement would include communications with Defendants SLED and FOLLIN. The records and information sought would not only document such communications, but also document facts and events as observed contemporaneously with the events occurring. While the Attorney General defendants have been granted immunity from civil liability under the law, they were not granted immunity from having to disclose information relevant to Washington's claims or any potential defenses against those claims.

Based on the above, the Attorney General's objections regarding their dismissal from the case and the alleged irrelevancy of the information fail.

## II.     The fact that the subpoena seeks intra-staff communications at the Attorney General's Office not including the defendants is not proper grounds for an objection.

The fact that the communications Washington seeks may contain communications not involving any of the remaining defendants does not prohibit Washington's right to obtain the information. Washington has specifically limited her request to communications referencing her and the events giving rise to the causes of action still pending against Defendants SLED and FOLLIN. As the allegations in the Amended Complaint document, the investigation, charging and prosecution of Washington are all still events giving rise to the tortious conduct Washington is seeking relief from. The fact that the Attorney General defendants have been granted

immunity from civil liability for their own acts and omissions does not change the fact that their knowledge and conduct during the investigation, charging and prosecution of Washington is relevant to Washington's pending claims and the intra-staff communications Washington seeks is reasonably calculated to lead to admissible evidence given the allegations and remaining causes of action and adequately limited in scope.

### III.    Washington is entitled to full and complete copies of the employee files of Megan Burchstead and Wayne Allen Myrick sought as requested items Nos. 1 and 2 of the subpoena duces tecum.

The Attorney General's Office objected to the request for the employee files of Assistant Attorney General Megan Burchstead and Deputy Attorney General Wayne Allen Myrick stating they were "patently irrelevant" to the claims against the remaining defendants. As argued above, Washington has clearly alleged in the Amended Complaint that Burchstead and Myrick were involved in the events giving rise to Washington's complaint. Washington has pled allegations of misconduct against Burchstead and Myrick for their acts and omissions arising from the investigation, charging and prosecution of Washington.

Additionally, Attorney Desa Ballard, Washington's ethics expert, has filed a report in support of the allegations of misconduct by Burchstead and Myrick. Desa Ballard report, ECF No. 41. In that report, Ballard specifically notes the duties supervisory attorneys have, how they are supposed to counsel attorneys below them, and the benefits of "dealing aggressively and appropriately with complaints of misconduct." See paragraphs 11, 12, 47-49 of ECF No. 41. While the court has granted Burchstead and Myrick immunity from civil liability in regards to the allegations of misconduct, such misconduct would still be relevant if it was engaged in for the purposes of conspiring to injure Washington. Washington is entitled to obtain the employee files of Myrick and Burchstead to see whether or not there is any evidence contained within

7

those files supporting her allegations of 1) misconduct or 2) a failure to adequately supervise and discipline regarding misconduct.

Washington would note that she believes her request is also in line with information the public is entitled to pursuant to *Burton v. York County Sheriff's Dep't*, 358 S.C. 339 (2004). In the *Burton* case, a newspaper filed suit seeking access to public records under the Freedom of Information Act (FOIA). Some of the records sought were employee records including copies of records regarding disciplinary records. The York County Sheriff's Department refused to release those records[1] claiming the information requested was of a personal nature and disclosing it would be an unreasonable invasion of privacy.

In finding that there was no right to privacy to justify not disclosing the records the newspaper had sought, the *Burton* court found that "the manner in which the employees of the Sheriff's Department prosecute their duties to be a large and vital public interest that outweighs their desire to remain out of the public eye." *Burton* at 352. Their support for this finding was that "one of the primary limitations placed on the right of privacy is that it does not prohibit the publication of matter which is of legitimate public or general interest." Burton at 352, citing Society of Prof'l Journalists v. Sexton, 283 S.C. 563, 566 (1984).

If the employee records and disciplinary files concerning deputy sheriffs are legitimate public interest, so are the records and disciplinary files of public employees working for a state agency who are not only tasked with wielding the power of the State to prosecute, but who are immune from civil liability in carrying out that job. If those records would be subject to FOIA, then they should certainly be available to the Plaintiff in a lawsuit where allegations of

---

[1] The sheriff's department did release basic employee information such as date of hire, title/rank, pay/rate schedule.

misconduct by those employees are relevant to the causes of action of the complaint. The claims by the Attorney General's office regarding concerning over personal identification information such as social security numbers is inconsequential, as Washington would consent to such information being redacted.

### IV. The objections by the Attorney General based upon privilege are inadequate and as such may be waived.

The Attorney General's objections number five (5) and eight (8) listed above are inadequate and may be waived. In explaining this issue, U.S. District Judge Joseph F. Anderson, Jr. has noted:

> Generalized objections asserting the protection of the attorney-client privilege or the work product doctrine also do not comply with the Federal Rules of Civil Procedure. A party objecting on the grounds of privilege must state the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.
> Curtis v. Time Warner Entertainment, C/A No. 3:12-cv-2370-JFA (D. SC. May 13, 2013), see *Exhibit A*, p.5.

The Attorney General's objection contains none of the information Judge Anderson's order in *Curtis* discussed and does not even claim that there is any such privilege. The objection merely states that "the subpoena seeks documents that may include items subject to attorney client or work product privileges." As Judge Anderson's *Curtis* order notes, such an objection is inadequate.

### V. The nonspecific, boilerplate objections by the Attorney General are inadequate.

Objections number six (6) and seven (7) above are inadequate. Judge Anderson's order in *Curtis* also makes clear such nonspecific; boilerplate objections without explanation are

inadequate. Merely stating that the "breadth of discovery sought by the subpoena is not permissible under the Federal Rules of Civil Procedure" or that the "subpoena is extremely overbroad" is not enough.

> A party objecting on these grounds must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how…each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" (citation omitted)). If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.
> Curtis v. Time Warner Entertainment, C/A No. 3:12-cv-2370-JFA (D. SC. May 13, 2013), see *Exhibit C*, p.3.

The Attorney General has provided no such explanation. They have merely asserted nonspecific, generalized objections. As such, the objections are inadequate.

Likewise, the generalized assertion that the subpoena "would impose an undue burden on the office of the Attorney General" contained in the objection's opening paragraph is inadequate. The Attorney General fails to explain any undue burden. This discovery should come as no surprise. In seeking that the Court amend the order granting the Attorney General defendants immunity so that it could be immediately appealed, Washington noted that the Attorney General defendants would still be subject to discovery given the nature of the remaining case, creating potential unnecessary expenses on all the parties. ECF No. 49, p.16-17. While the Attorney General's Office filed a response addressing Washington's motion to reconsider, they did not in any way address Washington's request to amend the order so that it could be immediately appealed. ECF No. 53. Having ignored the opportunity to join Washington in seeking to eliminate potential unnecessary expenses, the Attorney General now wishes to argue that having

to be subjected to the very discovery Washington warned of imposes upon them an undue burden. Fairness dictates the Court likewise ignore their inadequate objection of undue burden.

## Conclusion

For the reasons cited above, Washington respectfully requests that the Court grant her motion and Order the South Carolina Attorney General's Office comply with the subpoena *duces tecum* issued by the Plaintiff.

          Respectfully submitted,

          BY:s/Patrick J. McLaughlin
          PATRICK J. MCLAUGHLIN
          FEDERAL ID NO. 9665
          Wukela Law Firm
          PO Box 13057
          Florence SC 29504
          T:843-669-5634
          F:843-669-5150
          Patrick@wukelalaw.com
          Attorney for Plaintiff

December 19, 2014