UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilhelmina Washington, ) | C/A No. 4:14-cv-00416-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| John E. Folin, III, in his individual capacity as ) | |
| Special Agent with the South Carolina Law ) | |
| Enforcement Division, and the South Carolina Law ) | |
| Enforcement Division, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel, ECF No. 68, filed on December 19, 2014. Plaintiff moves for an order compelling production of documents by the South Carolina Attorney General's Office ("SCAG"), a previous defendant in this case, pursuant to Rule 45(d)(2)(B)(1) of the Federal Rules of Civil Procedure. *Id.* On January 8, 2015, SCAG filed a Response objecting to compliance with the subpoena in question, ECF No. 71, and Plaintiff filed a Reply on January 14, 2015, ECF No. 72. The undersigned granted SCAG's Motion for leave to file a Sur-Response, ECF Nos. 73, 74, and the Sur-Response is also before the court for consideration, ECF No. 75. On February 4, 2015, the court held a status conference with Plaintiff and SCAG concerning the subpoena and requested additional briefing. ECF No. 78. Following briefing, the court held a hearing on March 18, 2015, concerning the scope of the subpoena. ECF No. 88. After the hearing SCAG filed a supplemental memorandum. ECF No. 89. This order follows.

1

Procedural Background

Plaintiff Washington originally filed suit against the above-captioned Defendants as well as against Alan Wilson, in his individual capacity and as the Attorney General of South Carolina; Wayne Allen Myrick, in his individual capacity and as Senior Assistant Deputy Attorney General; Megan Wines Burchstead, in her individual capacity and as Assistant Attorney General; and the South Carolina Attorney General's Office. The SCAG Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking absolute immunity from liability. ECF No. 8. On July 15, 2014, the undersigned issued a Report and Recommendation ("R&R") recommending that the District Court grant SCAG's Motion and further finding that such an action would render Plaintiff's pending Motion to Amend moot. ECF No. 35. The District Court issued an order adopting in part and denying in part the R&R. ECF No. 44 at 6-9. The District Court granted the SCAG Defendants absolute immunity and dismissed them as defendants. *See id.* However, the court allowed Plaintiff leave to amend her Complaint as to her claims against the SLED Defendants. *Id.* at 9-10. Specifically the court found and instructed the following:

> After a review of Plaintiff's proposed amended complaint, the Court takes note of the several claims remaining against the SLED Defendants, who neither joined in the SCAG motion to dismiss nor opposed Plaintiff's motion for leave to amend her complaint. The Court, therefore, finds that leave for Plaintiff to amend her complaint is appropriate; however, only for Plaintiff to amend her claims against the SLED Defendants. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). But as a result of this order and the Magistrate Judge's R&R, the portions of Plaintiff's proposed amended complaint relating to the SCAG Defendants are moot.

*Id.* at 10.

The court issued an order denying Plaintiff's motion to reconsider and/or alter or amend its order ruling on the R&R. ECF No. 59. On October 8, 2014, Plaintiff filed an

Amended Complaint against the remaining Defendants. ECF No. 50. There, Plaintiff alleged that "all [D]efendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused her." *Id.* at ¶4. Additionally, Plaintiff alleged that "Defendant SLED, through its acts and omissions, . . . . combined and joined with, but not limited to SCAG, BURCHSTEAD, MYRICK, WILSON and FOLLIN for the purpose of injuring and causing special damage to WASHINGTON." *Id.* at ¶34. Based on the alleged civil conspiracy between SLED and SCAG, Plaintiff served SCAG with a subpoena.

After service of the subpoena on SCAG's office, SCAG sent Plaintiff's attorney written objections to it and refused to produce requested documents. ECF No. 67. In an email to the court, Plaintiff's counsel represented that SCAG is no longer a party to the suit and has "filed no motion to quash the subpoena/for protective order." *Id.* Additionally, Plaintiff's counsel indicated that the existing scheduling order requires the parties have a telephone conference with the court prior to filing motions. *Id.* The undersigned found that a teleconference was not necessary because SCAG properly objected to the subpoena pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure. This Motion to Compel compliance with the subpoena followed.

## Scope of Discovery

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 402 (4th Cir. 2003). "[T]he scope of discovery for a nonparty litigant under a subpoena duces tecum [is] the same as the scope of a discovery request made upon a party to the action," and "a party is entitled to information that is relevant to a claim or defense in the matter" at issue. *Smith v. United Salt Corp.,* No. 1:08–cv–00053, 2009 WL 2929343, at *5 (W.D.Va. Sept. 9,

3

2009). "It is well-settled that district courts are allowed broad discretion in resolving discovery disputes." *Id.* (citing *Carefirst,* 334 F.3d at 402). In other words, though Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). Rule 26(b) of the Federal Rules of Civil Procedure instructs the following regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

In the case of *Oppenheimer Fund, Inc. v. Sanders*, the Supreme Court recognized that discovery of a "matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." 437 U.S. 340, 351-52 (1978)(internal citations omitted). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Id.* at 352. "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer*, 292 F.R.D. at 308.

Motion to Compel Compliance with Subpoena

Plaintiff's subpoena includes six numbered requests for documents. ECF No. 68-1 at 6-7. The undersigned will address the requests in turn.

A.  Employee Files, Requests 1 and 2

Plaintiff's subpoena requests a "full and complete copy" of the employee files for Megan Burchstead and Wayne Allen Myrick. ECF No. 68-1 at 6. The undersigned finds that these requests are overbroad in that the entirety of these employees' files is not reasonably likely to lead to the discovery of admissible evidence. The court recognizes Plaintiff's argument that at issue is whether members of the SCAG staff conspired with SLED. Therefore, portions of these employees' files could be relevant to Plaintiff's conspiracy claim. However, Plaintiff is not entitled to receive portions of these files that contain private information and are completely irrelevant to Plaintiff's conspiracy claim. Therefore, Plaintiff's Motion to compel SCAG to comply with requests 1 and 2 of the subpoena is denied without prejudice with leave for Plaintiff to more narrowly tailor these requests in an amended subpoena. Upon receipt of the amended subpoena, SCAG is instructed to either produce the requested documents in their entirety or provide a privilege log for any documents withheld as required by Rule 45(e)(2).

B. Internal Communications, External Communications, and Plaintiff's Investigative File, Requests 3, 4, and 6

In Subpoena Request 3, Plaintiff seeks a "full and complete copy of all communications that in any way reference [Plaintiff], the criminal charges and subsequent investigation and prosecution against [Plaintiff] and the civil lawsuit (excluding any communication with counsel defending the civil suit) filed by [Plaintiff] under the above referenced case number." ECF No. 68-1 at 6. In request 3, Plaintiff names seven SCAG employees from whom she seeks these communications. In Subpoena Request 4, Plaintiff seeks a "full and complete copy of any request/suggestion/instructions/orders given by agents/employees of the [SCAG] in regards to the investigation, charging and prosecuting of the Plaintiff, as well as this civil lawsuit (excluding any communication with counsel

5

defending the civil suit)." *Id.* Finally, in Request 6, Plaintiff seeks "all files/documents/digital records/electronic entries held by [SCAG] that pertain to or reference [] Plaintiff." *Id.* at 7.

In Response to Plaintiff's Motion to Compel, SCAG maintains that request 3 is overbroad and "could sweep in documents that are completely irrelevant to Plaintiff's claim or defense simply because [Plaintiff's] name or the civil case name is in the communication." ECF No. 71 at 2. Additionally, SCAG argues that some of these matters "may be covered by privileges applicable to the prosecution of the case or contain investigative material that would not be subject to production under Rule 5(a)(2), SCRCrP. . . ." *Id.* SCAG maintains, in Response to request 4 that the first part of the request is barred from disclosure by Rule 5(a)(2), SCRCrP. *Id.* at 3. Further, SCAG argues that the second part of Request 4 "seeks information regarding the defense of the civil suit which would include irrelevant matter such as scheduling and is, therefore, overbroad [and] could include privileged matter." *Id.* Regarding request 6, SCAG maintains that this request "is similar to number 3, *supra*, and is objectionable because of irrelevance, overbreadth and its inclusion of investigative and privileged matter barred from disclosure." *Id.* at 4. In Reply, Plaintiff maintains that Rule 5 applies in only in trial courts of criminal jurisdiction and Rule 45 of the Federal rules of Civil Procedure compels discovery and trumps Rule 5. ECF No. 72. In its Sur-Response, SCAG maintains that Rule 45 is subject to protection from disclosure of "privileged or other protected matter" and that Rule 5 is akin to the federally recognized "law enforcement privilege." ECF No. 75.

The undersigned finds that requests 3, 4, and 6 are reasonably tailored, not overbroad, and relevant to Plaintiff's conspiracy claim. *See* Rule 26(b). Though SCAG objects to production of these documents based on Rule 5 of the South Carolina Rules of Criminal

6

Procedure and the law enforcement privilege, the undersigned finds that this privilege is qualified and not absolute. In *Martin v. Conner*, the plaintiff sued two Maryland State troopers alleging unconstitutional search and seizure. 287 F.R.D. 348, 348-49 (D. Md. 2012). There, at issue before the court was the plaintiff's motion to compel the Maryland State Police to produce subpoenaed documents relating to complaints regarding the defendants. *Id.* at 349. The State Police declined to produce the documents and claimed the records were confidential under Maryland law. *Id.* at 350. The Maryland District Court found that "there are no Fourth Circuit cases that discuss the official information privilege in detail in the context of § 1983 litigation." *Id.* Additionally, the court found that the "parties correctly recognize[d] that to determine whether plaintiff is entitled to production of the documents, this Court should conduct a balancing test articulated in the widely followed decision of Judge Weinstein in *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988)." *Id.*

Pursuant to *King*, the party asserting the "law enforcement privilege" must first "make a substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials." *King,* 121 F.R.D. at 189 (internal quotations omitted). Additionally, the *King* court instructs:

> The privilege will be deemed asserted when the objecting party timely invokes the privilege as to each discovery request thought to invade the privilege. Accompanying these objections must be "a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." [] This statement must be based on personal review of the documents by an official in the police agency (not the defendants' attorney) and must explain (not merely state conclusorily) how the materials at issue have been generated or collected; how they have been kept confidential; what specific interests (e.g. of the police officers, of law enforcement, or of public concern) would be injured by disclosure to plaintiff, to plaintiff's attorney, and to the public; and the projected severity of each such injury.

7

*Id.* (internal citation omitted). SCAG asserts that *Martin* is distinguishable "due to the narrowness of the request made in that case." ECF No. 89 at 2. However, the undersigned finds that Plaintiff's requests are sufficiently narrowed. Therefore, for documents for which SCAG is asserting the law enforcement privilege, SCAG is instructed to provide objections in the manner outlined in the *King* case, including an affidavit from a responsible officer as mentioned above. SCAG is to provide all other responsive documents pursuant to Rule 45(e). For any documents SCAG asserts are attorney-client privileged or subject to the work product doctrine, SCAG should provide a privilege log.

C. SCAG handbooks and manuals, Request 5

Plaintiff requests copies of SCAG handbooks and procedure manuals in Request 5 of her subpoena. ECF No. 68-1 at 7. During the March 18, 2015 hearing SCAG represented to the court that there were two office handbooks that would fall into the scope of request 5— the first, an office-wide handbook which is available to the public, and the other, a state grand jury manual which is not disclosed to the public. To the extent Plaintiff believes SCAG's policy will assist her in pursuing her civil action claim for conspiracy, SCAG is instructed to provide Plaintiff with a table of contents, and Plaintiff can then notify SCAG of portions of the manual she wants to review. Regarding the state grand jury manual, SCAG and Plaintiff's attorney represented that Plaintiff's case was not a state grand jury case. Therefore, the grand jury policy and whether it was followed is irrelevant to Plaintiff's conspiracy claim. Accordingly, Plaintiff's Motion to Compel SCAG comply with request 5 is granted in part and denied in part.

IT IS SO ORDERED.

March 23, 2015                                     Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

9