UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilhelmina Washington, ) | C/A No. 4:14-cv-00416-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| John E. Follin, III, in his individual capacity as ) | |
| Special Agent with the South Carolina Law ) | |
| Enforcement Division, and the South Carolina Law ) | |
| Enforcement Division, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel, ECF No. 93, filed on June 8, 2015. Plaintiff moves for an order compelling production of documents by the South Carolina Attorney General's Office ("SCAG"), a previous defendant in this case, pursuant to Rule 45(d)(2)(B)(1) of the Federal Rules of Civil Procedure. *Id.* On July 9, 2015, SCAG filed a Response to Plaintiff's Motion, ECF No. 97, and Plaintiff filed a Reply on July 16, 2015, ECF No. 101. This Motion is now ripe for review.

I.     Procedural Background

Plaintiff originally filed suit against the above-captioned Defendants as well as against Alan Wilson, in his individual capacity and as the Attorney General of South Carolina; Wayne Allen Myrick, in his individual capacity and as Senior Assistant Deputy Attorney General; Megan Wines Burchstead, in her individual capacity and as Assistant Attorney General; and the South Carolina Attorney General's Office. The SCAG Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking absolute immunity from liability. ECF No. 8. On July 15, 2014, the undersigned

1

issued a Report and Recommendation ("R&R") recommending that the District Court grant SCAG's Motion and further finding that such an action would render Plaintiff's pending Motion to Amend moot. ECF No. 35. The District Court issued an order adopting in part and denying in part the R&R. ECF No. 44 at 6-9. The District Court granted the SCAG Defendants absolute immunity and dismissed them as defendants. *See id.* However, the court allowed Plaintiff leave to amend her Complaint as to her claims against the SLED Defendants. *Id.* at 9-10. Specifically the court found and instructed the following:

> After a review of Plaintiff's proposed amended complaint, the Court takes note of the several claims remaining against the SLED Defendants, who neither joined in the SCAG motion to dismiss nor opposed Plaintiff's motion for leave to amend her complaint. The Court, therefore, finds that leave for Plaintiff to amend her complaint is appropriate; however, only for Plaintiff to amend her claims against the SLED Defendants. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). But as a result of this order and the Magistrate Judge's R&R, the portions of Plaintiff's proposed amended complaint relating to the SCAG Defendants are moot.

*Id.* at 10.

The court issued an order denying Plaintiff's motion to reconsider and/or alter or amend its order ruling on the R&R. ECF No. 59. On October 8, 2014, Plaintiff filed an Amended Complaint against the remaining Defendants. ECF No. 50. There, Plaintiff alleged that "all [D]efendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused her." *Id.* at ¶ 4. Additionally, Plaintiff alleged that "Defendant SLED, through its acts and omissions, . . . . combined and joined with, but not limited to SCAG, BURCHSTEAD, MYRICK, WILSON and FOLLIN for the purpose of injuring and causing special damage to WASHINGTON." *Id.* at ¶ 34. Based on the alleged civil conspiracy between SLED and SCAG, Plaintiff served SCAG with a subpoena.

After service of the subpoena on SCAG's office, SCAG sent Plaintiff's attorney written objections to the subpoena and refused to produce the requested documents. *See* ECF No. 67 (Text Order describing email communications with court). In an email to the court, Plaintiff's counsel represented that SCAG is no longer a party to the suit and has "filed no motion to quash the subpoena/for protective order." *Id.* Additionally, Plaintiff's counsel indicated that the existing scheduling order requires the parties have a telephone conference with the court prior to filing motions. *Id.* The undersigned found that a teleconference was not necessary because SCAG properly objected to the subpoena pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure.

On December 19, 2014, Plaintiff filed a Motion to Compel compliance with the subpoena. ECF No. 68. On January 8, 2015, SCAG filed a Response objecting to compliance with the subpoena in question, ECF No. 71, and Plaintiff filed a Reply on January 14, 2015, ECF No. 72. Thereafter, the undersigned granted SCAG's Motion for leave to file a Sur-Response, ECF Nos. 73, 74, 75. On February 4, 2015, the court held a status conference with Plaintiff and SCAG concerning the subpoena and requested additional briefing. ECF No. 78. Following briefing, the court held a hearing on March 18, 2015, concerning the scope of the subpoena. ECF No. 88. After the hearing SCAG filed a supplemental memorandum. ECF No. 89.

On March 23, 2015, the undersigned issued an order granting in part and denying in part Plaintiff's Motion to Compel. ECF No. 90. The order compelled SCAG to provide Plaintiff with responsive documents and provide written objections to certain materials pursuant to *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988). Plaintiff served an amended subpoena on SCAG on March 23, 2015. *See* ECF No. 93-1. SCAG responded to

3

Plaintiff's amended subpoena with a Privilege Log, *see* ECF No. 93-2, and a Production List, *see* ECF No. 93-3. Plaintiff filed a Second Motion to Compel on June 8, 2015, arguing that the "bulk of the issues with the subpoena responses remain." ECF No. 93 at 4. On July 30, 2015, the undersigned instructed SCAG to provide the court with copies of all documents for which it is claiming a privilege so that the court could conduct an in-camera review of those documents. ECF No. 102. Since this instruction, the court has reviewed the materials in-camera.

II.     In-Camera Review

SCAG emailed the withheld documents to the undersigned for in-camera review on August 24, 2015. In reviewing all the documents, all "potentially discoverable" documents were initially flagged and will be discussed below in context of the particular privilege as asserted by SCAG. Plaintiff is not entitled to the documents that are not discussed below, including the requested employee files. These documents do not reference or mention any remaining Defendant and are not reasonably calculated to lead to the discovery of admissible evidence within the scope of Rule 26(b)(1). *See also HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (internal citation omitted) ("Relevant information need not be admissible at trial, but it must appear to be reasonably calculated to lead to the discovery of admissible evidence.").

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 402 (4th Cir. 2003). "[T]he scope of discovery for a nonparty litigant under a subpoena duces tecum [is] the same as the scope of a discovery request made upon a party to the action," and "a party is entitled to information that is relevant to a claim or defense in the matter" at issue.

4

*Smith v. United Salt Corp.,* No. 1:08–cv–00053, 2009 WL 2929343, at *5 (W.D.Va. Sept. 9, 2009). "It is well-settled that district courts are allowed broad discretion in resolving discovery disputes." *Id.* (citing *Carefirst,* 334 F.3d at 402). In other words, though Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. *HDSherer*, 292 F.R.D. at 308. Rule 26(b) of the Federal Rules of Civil Procedure instructs the following regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

In the case of *Oppenheimer Fund, Inc. v. Sanders*, the Supreme Court recognized that discovery of a "matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." 437 U.S. 340, 351-52 (1978) (internal citations omitted). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Id.* at 352. "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer*, 292 F.R.D. at 308.

Though Plaintiff's cause of action for conspiracy between SCAG and SLED has survived as a cause of action, SCAG has long been dismissed as a party to this action. Therefore, communication documents or employee reviews that do not at all touch or concern SLED or an agent of SLED are not relevant to Plaintiff's conspiracy claim.

5

Accordingly, Plaintiff's Motion to Compel with respect to items not discussed below is denied. SCAG provided 23 categories of documents to the court for in-camera review. As noted above, the undersigned will discuss only the categories with potentially relevant documents.

A. Category 6F

Giving Plaintiff the benefit of the doubt and liberally construing the definition of discoverable documents, the undersigned finds that certain documents in category 6F, SCAG internal emails, are potentially relevant though also potentially subject to a privilege.

In its privilege log, SCAG claims that these documents are work-product and attorney-client product privileged. In her Motion, Plaintiff argues that attorney-client privilege may not exist with respect to some of the documents subpoenaed, or that if it existed at one point, it may have been waived. ECF No. 93 at 9-10, 12-24, 27-28. Plaintiff bases her waiver claim on two main arguments. First, she argues that in a criminal prosecution like the original case against her, the client is the people of the State, and as one of those people/clients, she can waive any attorney-client privilege, and thereby access the subpoenaed documents that would otherwise be covered by attorney-client privilege. *Id.* at 9-10. Plaintiff argues that work product protection does not extend to protect documents from an earlier, terminated prosecution from discovery in subsequent litigation, and thus the subpoenaed documents here are not protected from discovery. *Id.* at 10-12. The Fourth Circuit has not expressly ruled on whether the attorney-client privilege exists in this case and whether the privilege has been waived in this instance. Therefore, the undersigned will address the merits of the work-product doctrine only.

Under Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 26(b)(3)(B) provides: "Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." The Fourth Circuit opinion of *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, holds documents subject to a work-product privilege do not lose their work product protection in subsequent litigation. 487 F.2d 480, 484 (4th Cir. 1973) ("On balance, we think the legal profession and the interests of the public are better served by recognizing the qualified immunity of work product materials in a subsequent case as well as that in which they were prepared . . . .").

Though privileged, not all documents subject to the work-product doctrine are absolutely privileged. *See Duplan Corp.*, 487 F.2d at 485 ("If the party seeking discovery can demonstrate the substantial need and undue hardship specified in the Rule and recognized in *Hickman,* the district court will order production.") (referencing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Under Rule 26(b)(3)(A) a party may obtain documents subject to the work product doctrine if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

Here, the undersigned finds that Plaintiff is entitled to receive copies a November 13, 2013 email string from Kinli Abee to Heather Weiss. *See e.g.*, 6f at 84-94. Additionally,

Plaintiff is entitled to receive copies of a December 5, 2013 email string from Kinlee Abee to Brian Petrano. *See e.g.*, 6f at 96, 97. Without opining on whether these documents could aid Plaintiff in preparing her case, the undersigned finds that Plaintiff has demonstrated a need for these materials and there is no other substantial equivalent to them or means to receive these documents as they are only in possession of SCAG, a non-party.

The only other potentially relevant email in the 6F grouping is contained in a June 12, 2014 email from Megan Burchstead to "Help Desk." *See e.g.*, 6f at 110, 111, 112, 114, 116, 118, 121, 123, 125, 127, 129, 132. However, the undersigned finds that a mental impression could be gleaned from this email, and therefore it is absolutely privileged under Rule 26. Therefore, Plaintiff is not entitled to receive copies of this email.

B. Category 6M/Disclosure 4

All documents in category 6M and Disclosure 4 are potentially relevant to Plaintiff's conspiracy claim and are email communications between Megan Burchstead and Defendant Follin. SCAG claims that these documents are subject to the work-product privilege, *see* ECF No. 93-2 at 13, and the undersigned agrees. Many of these emails, if not all, contain mental impressions that are not subject to discovery. Moreover, in this instance, Plaintiff has failed to demonstrate a substantial need for these emails and they can be obtained from an existing Defendant, a more convenient source. *See* Fed.R.Civ.P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...."). Therefore, Plaintiff's Motion to Compel with respect to these emails is denied. *See HDSherer*, 292 F.R.D. at 309 (D.S.C. 2013) ("It is undisputed that all of the information sought by Plaintiffs in the

subpoenas duces tecum involves contracts, communications, and payments to which Defendant is a party. As such, all of the information sought by Plaintiffs directly concerns Defendant and would be in Defendant's possession.").

    C.    Category 6P

There are a variety of documents in this category, several of which are likely already in Plaintiff's possession. For example, there are unsigned proffers for Plaintiff. Several items have handwritten notations, witness charts, and other trial preparation materials. An attorney's mental impression can be gleaned from many documents in this category. Therefore, to the extent these documents contain mental impressions, Plaintiff's Motion to Compel is denied. However, the undersigned finds that Plaintiff is entitled to the following: witness charts, receipts for property, Florence County Detention Center victim notification documentation, Magistrate/Municipal Court Commitments, check receipts, and Plaintiff's time cards. *See e.g.*, 6P at 14, 20, 36, 57, 62, 63, 73, 81, 83, 85, 86, 87, 90. To the extent these items contain mental impressions or handwritten notes, SCAG is instructed to redact these impressions or notations prior to production. The undersigned notes that Plaintiff is entitled to production of several items in this category including SLED investigative reports and voluntary witness statements. However, these items are in the possession of SLED, an existing Defendant and more convenient source. *See* Fed.R.Civ.P. 26(b)(2)(C). Accordingly, Plaintiff's Motion to Compel with respect to documents prepared by Defendant Follin is denied.

III.    CONCLUSION

Therefore, for the reasons articulated above, Plaintiff's Motion to Compel is granted in part and denied in part. SCAG is instructed to produce the following documents: Category

6F at 84-94, 96, and 97; Category 6P at 14, 20, 36, 57, 62, 63, 73, 81, 83, 85, 86, 87, and 90 redacted as needed for work product protection. As requested, *see* ECF No. 108, SCAG has ten days from the date of this Order to request protection for the documents the court has ordered be disclosed.

    IT IS SO ORDERED.

September 10, 2015                                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge